[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16368
Non-Argument Calendar

_____

D.C. Docket No. 04-00088-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO RAMOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 15, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Antonio Ramos appeals his conviction for conspiracy to possess

cocaine with intent to distribute, a violation of 21 U.S.C. section 846. The sole

issue on appeal is whether the district court violated the Confrontation Clause of the Sixth Amendment when it prevented Ramos from cross-examining Bryan Harris, the star witness for the government, about the length of a potential federal sentence Harris sought to avoid by cooperating with the government. We conclude that, because the district court permitted Ramos to cross-examination Harris extensively on numerous issues regarding Harris's credibility and bias, the district court did not violate the Sixth Amendment.

Ramos undermined Harris's credibility by eliciting testimony on cross-examination that would lead to an inference that Harris was biased in favor of the government. Ramos elicited that Harris faced a thirty-year term in state prison for a drug charge, and Harris thought he would have received a harsher sentence in federal court. Ramos also elicited that Harris was charged for the drug offense in state court instead of federal court as a result of Harris's agreement to cooperate with the government. Ramos also questioned Harris about an arrest in Georgia that Ramos suggested was dismissed based on Harris's cooperation with the government in Ramos's case.

Ramos also sought to question Harris about the thirteen to sixteen years of imprisonment Harris might have faced if he had been prosecuted in federal, not state, court. The district court precluded that line of questioning because, as

Ramos conceded, Ramos was being prosecuted for the same crime and Ramos's questions would have apprised the jury of the sentence Ramos faced. Ramos argues that this limitation violated his rights under the Sixth Amendment.

We review for abuse of discretion the evidentiary rulings of the district court. United States v. Taylor, 17 F.3d 333, 340 (11th Cir. 1994). "The Sixth Amendment does not require unlimited inquiry into the potential bias of a witness. As long as sufficient information is elicited from the witness from which the jury can adequately assess possible motive or bias, the Sixth Amendment is satisfied." De Lisi v. Crosby, 402 F.3d 1294, 1301 (11th Cir. 2005) (internal brackets omitted). On cross-examination, Ramos elicited that Harris hoped to avoid a considerable prison term in exchange for cooperating with the government regarding Ramos's crimes, which was what Ramos sought to demonstrate by questioning Harris about his potential sentence if prosecuted in federal court. "Because the jury was allowed to assess [the defendant's] credibility and possible motives for bias, the Sixth Amendment was satisfied." Id. at 1303 (internal quotations and brackets omitted). Ramos's conviction, therefore, is

**AFFIRMED**.